IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17-CR-00011 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | **DEFENDANT'S *REDACTED* MOTION** |
| | ) | **TO REDUCE SENTENCE PURSUANT** |
| JASON E. COUSINS, | ) | **TO 18 U.S.C. § 3582(c)(1)(A)(i) FOR** |
| | ) | **IMMEDIATE COMPASSIONATE** |
| Defendant. | ) | **RELEASE DUE TO COVID-19** |
| | ) | **HEALTH CIRCUMSTANCES** |
| | ) | |

NOW COMES Defendant, **JASON E. COUSINS**, by and through his undersigned counsel Marisa L. Serrat Esq., and respectfully moves this Court, pursuant to 18 U.S.C. § 582(c)(1)(A)(i), for an order reducing his sentence to time served and placing him on early supervised release based on the extraordinary and compelling circumstances that have resented throughout the COVID-19 pandemic, as well as, the impact on Mr. Cousins' health by his continued incarceration. Mr. Cousins (#65766-060) is currently incarcerated at Gilmer FCI with a BOP projected release date of September 17, 2024. Mr. Cousins has a release plan, has participated in a drug rehabilitation program, has obtained his GED high school diploma, and has a supportive family and children if he were to be released. Mr. Cousins has ongoing serious chronic medical conditions that are not currently being managed in prison. Additional reasons in support of Mr. Cousins' request for compassionate release are more thoroughly explained in the Memorandum in Support, incorporated herein by reference.

Further, Mr. Cousins argues that he should be immediately released as he appealed his conviction to the Sixth Circuit Court of Appeals on March 28, 2019. On January 19, 2021, the court vacated his conviction and remanded his case for retrial; therefore, Mr. Cousins argues that

the court should immediately release him on bond with conditions until his case is retried even if this Compassionate Relief Motion is denied.

                                          Respectfully submitted,

                                          *s/ James M. Campbell*
                                          JAMES M. CAMPBELL (0004733)
                                          Attorney for Defendant, Jason E. Cousins
                                          2717 Manchester Road
                                          Akron, OH 44319
                                          P: (330) 745-2422
                                          F: (330) 745-2447

**MEMORANDUM IN SUPPORT**

I.     **PROCEDURAL HISTORY**

On January 5, 2017, Mr. Cousins and two other men were named in a seven count Indictment filed in United States District Court for the Northern District of Ohio. Mr. Cousins was only named in one count (count 7) which charged him with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

Mr. Cousins was arraigned on August 17, 2018, entered a plea of not guilty, and was placed on pretrial detention where he remains today. He has remained in custody since August 17, 2018

A jury trial was held by this court on December 3, 2018 – December 7, 2018 and Mr. Cousins was found guilty by a jury on December 7, 2018 as to Count 7.

Mr. Cousins' adjusted offense level was twenty. He did not receive any reduction of his offense level for acceptance of responsibility (PSR, r. 154, Page ID 6). He had a total of ten criminal history points which corresponds to a criminal history category of five. *Id.* at Page ID 9. Based upon these findings, Mr. Cousins' guideline range sentence was 63 months to 78 months of imprisonment. *Id* at Page ID 13.

Mr. Cousins appeared before this court for sentencing on March 21, 2019. After considering the totality of the § 3553 factors, this court imposed a sentence of 72 months which was ordered to run consecutive to a previously imposed sentence of 23-40 months that he was already serving in North Carolina (projected release date of August 24, 2019) to be followed by 3 years of supervised release and a special assessment of $100.00. *Id* at Page ID 9 and Docket Entry 159.

On or about October 2, 2020, Mr. Cousins filed a *pro se* Motion for Compassionate Release. The undersigned was appointed as counsel to assist him with that request.

## II. FCI GILMER AND BOP COVID-19 STATISTICS

Mr. Cousins is currently incarcerated at FCI Gilmer which is located in Glenville, West Virginia and houses approximately 1,400 inmates. According to the Bureau of Prisons, FCI Gilmer currently has 42 confirmed active cases (14 inmates 28 staff), 283 recovered inmates and 33 recovered staff. [1]

As of January 22, 2021, 3,540 federal inmates and 2,005 staff members have positive test results for the COVID-19 virus nationwide in the BOP. From the start of the pandemic, 41,400 federal inmates and 3,939 staff members have tested positive for the virus and have recovered. There have been 204 federal inmate deaths and 3 staff members have died after contracting the COVID-19 virus. *Id.*

As of January 22, 2021, the BOP has a total of 123,105 federal inmates in BOP managed institutions and 13,894 in community-based facilities with a complementary BOP staff of 36,000. *Id.*

Based upon the foregoing numbers, approximately 33% of all federal inmates have either tested positive, tested positive and recovered, or have died from the COVID-19 virus (139,999 inmates at all facilities; 3,540 currently tested positive; 41,400 tested positive and recovered; 204 deaths).

In the United States, 5,605 state prisoners have died after contracting the COVID-19 virus.[2]

It is undisputed that prisons are a hotspot for the rapid transmission of the COVID-19 virus. Given the serious nature of this pandemic and current rising numbers both in the public sector and more importantly with the Bureau of Prisons, Mr. Cousins has established unique, extraordinary, and compelling reasons to support his compassionate release.

---

[1] Bureau of Prisons Covid-19 Cases (1/22/2021) available at: http://www.bop.gov/coronavirus/
[2] Http://www.themarshallproject.org/2021/01/01/a-state-by-state-look-at-coronavirus-in-prisons

### III. EXTRAORDINARY AND COMPELLING REASONS POST *JONES*

The Sixth Circuit recently found in *Jones* that USSG § 1B1.13 is not an applicable policy statement for inmate-filed compassionate-release motions under 18 U.S.C. § 3582(c)(1)(A) since the passage of the First Step Act. *United States v. Jones*, No. 20-3701, 2020 WL 6817488 (6th Cir. Nov. 20, 2020). Thus, District Judges need not "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id*. at *9. Given the totality of the unique factors presented herein, including the time Mr. Cousins has already served for his offense, the harsh conditions inmates have had to endure at FCI Gilmer, the lack of visitation with loved ones since March of 2020, the cancelation of programming, the fear of being in prison during a pandemic, and Mr. Cousins' health concerns, all of which combined establish extraordinary and compelling reasons to support his unique request for compassionate release. The rehabilitation progress Mr. Cousins has made while incarcerated can also be considered by this Court, along with his release plan and the totality of the relevant § 3553(a) factors which all support his release.

### IV. THE EXHAUSTION REQUIREMENT FOR COMPASSIONATE RELEASE BEEN MET

The First Step Act and 18 U.S.C. § 3582(c)(1)(A), require that an inmate exhaust all remedies available, which means the inmate must make a request for release and be denied by the Warden of the institution. Mr. Cousins requested Compassionate Release from the Warden at FCI Elkton by email in May 2020; however, said email was deleted after a period of time and receiving no response. On August 3 and 7, 2020 he submitted additional requests (Request, Ex. A & B). Warden R. Hudgins denied Mr. Cousins' request on August 17, 2020. (Denial, Ex. C). On August

30, 2020, Mr. Cousins once again requested compassionate release, arguing that his various medical problems put him at a higher COVID-19 risk and supported his request for compassionate release. (Second Request, Ex. D). On September 15, 2020, Warden R. Hudgins denied Mr. Cousins' request for compassionate release again. (Denial, Ex. E). "Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). As a result of the foregoing, Mr. Cousins respectfully requests this Court to find that he has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

V.      **JASON COUSINS' MEDICAL CONDITIONS**

**REDACTED**

VI.     **JASON COUSINS' SENTENCE COMPUTATION, BOP PROGRESS REPORT, CUSTODY CLASSIFICATION, AND RELEASE PLAN**

Mr. Cousins was sentenced by this court on March 21, 2019 and was required to serve his federal sentence of 72 months after he completed serving the remainder of his state sentence in North Carolina. He was in federal custody from August 1, 2018 to March 21, 2019 (244 days). He came back into federal custody on August 11, 2019 after completing his state sentence and remains there today. He has served approximately 26 months of his original sentence and is projected to be released on September 17, 2024.

Mr. Cousins does not have any discipline history within the last six (6) months and currently has no detainers against him (Individualized Need Plan Ex. G). Mr. Cousins successfully completed an English proficiency class on November 8, 2019; completed and obtained his GED or high school diploma March 11, 2020; and, completed the Drug

Education Course on December 3, 2019 (Certificate Ex. H). Mr. Cousins was enrolled in the VT electrical program when the pandemic hit and all programming was stopped at FCI Gilmer. He was scheduled to enroll in the apprenticeship program in April 2021, but is unlikely to begin this course of study due to all programming still being halted (Individualized Reentry Plan, Ex. I). Mr. Cousins' male custody classification form dated April 30, 2020 identifies him as a medium security inmate. (Male Custody Classification Form, Ex. J).

The BOP has suspended all rehabilitation and educational programming during the COVID-19 pandemic. There are significant resources available to Mr. Cousins outside of the BOP that could greatly assist him in re-entering society as a productive citizen after serving this instant lengthy sentence of imprisonment and he is more than willing to begin these programs.

Mr. Cousins will be serving a term of supervised release of at least 3 years upon release from his custodial sentence, where he will have an opportunity to prove to this Court, his family, and himself that he can and will remain a productive, law abiding member of society. With regards to his prison release plan, Mr. Cousins will reside with his girlfriend, Aleis Jordan, in Detroit, Michigan. Given Mr. Cousins' history, characteristics, hardships, supportive family, and release plan, he requests this Court to grant his request for compassionate release.

### VII. LEGAL STANDARD FOR SEEKING COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A).

Prior to 2018, a district court could only receive a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), known as a "compassionate release" upon a motion from the Warden of the prison where the defendant was being held. The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(l)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such

a request by the warden of the defendant's facility, whichever is earlier." § 603(b), 132 Stat.5 194, 5239 (codified at 18 U.S.C.§ 3582(c)(l)(A)).

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," before considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a). This Honorable Court has discretion to reduce a term of imprisonment imposed in this case based on § 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after consideration of the factors set forth in § 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]" U.S.S.G. § 1B1.13 previously provided insight into what constitutes "extraordinary and compelling reasons," however, the Sixth Circuit in *United States v. Jones*,__ F.3d__, 2020 WL 6817488, (6th Cir. Nov. 20, 2020) and the Seventh Circuit in *United States v. Gunn*, No. 0-1959 (Nov. 20, 2020), have held that U.S.S.G. § 1B.13 is not an "applicable policy statement" for defendant-initiated compassionate release motions, as argued above. Therefore, this Honorable Court has discretion to define "extraordinary and compelling" without consulting the policy statement of § 1B1.13.

This Honorable Court is well aware of the current COVID-19 pandemic, with the United States suffering over 25,018,520 cases to date and over 414,936 deaths.[3] The CDC has issued guidance that individuals at higher risk of contracting COVID-19 take immediate preventative actions, including avoiding crowded areas and staying home as much as possible. The conditions in prisons do not allow for an inmate to take the recommended preventive actions and create an

---

[3] Centers for Disease Control and Prevention, available at: https://www. https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days

ideal environment for the transmission of contagious disease.[4] According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe…[as] infection control is challenging in these settings."[5] Given these circumstances, Mr. Cousins' concerns for his health and safety are real and significant. A sentence reduction is justified and should be granted by this Court pursuant to 18 U.S.C. § 3582(c)(1)(A).

Mr. Cousins has presented extraordinary and compelling circumstances in support of his compassionate release as set forth in the preceding paragraphs. The compassionate release statute permits this Court to reduce a defendant's sentence upon consideration of the § 3553(a) factors, and upon a finding that there are extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a).

Continued incarceration is not necessary to protect the community from the crimes of the defendant. Prior to this instant offense, Mr. Cousins had been arrested before and served time in jail; however, most of his prior offenses were non-violent offenses and involved either drugs or alcohol. Given his lack of any recent significant criminal history, the sentence he has already

---

[4] Joseph A. Bick (2007). Infection Control in Jails and Prisons. Clinical Infectious Diseases 45(8):1047-1055, available at https://doi.org/10.1086/521910
[5] "Achieving A Fair And Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State, and Local Leaders from Public Health and Legal Experts in the United States," (March 2, 2020), available at https://bit.ly/2W9V6oS

served provides just punishment for his offense given the COVID-19 pandemic and Mr. Cousins' serious ongoing health conditions.

Mr. Cousins' continued incarceration is not necessary to protect the community from the crimes of the defendant because he has already served a significant portion of his sentence of imprisonment and is anticipated to be released in September 2024. The conditions and hardships that all inmates at FCI Gilmer have had to endure since the start of the pandemic in March of 2020 have been quite difficult. Inmates has been in constant lockdown, denied visitation, experienced the cancellation of programs, given limited access to resources, and suffered mental anguish from having to live through a worldwide pandemic while incarcerated. In consideration of all the § 3553(a) factors discussed herein and Mr. Cousins' own *pro se* Motion, a reduction in Mr. Cousins' custodial term should be granted.

In support of his Motion, Mr. Cousins has received letters from his cousin, Tammara R. Cousins; his niece, Tania Javeski; his father, Jibril Ahmad Muhammad; his daughter, J'Brenea Curtis; and, Davida Wallen (a long-time friend) (Ex. K).

## VIII. CONCLUSION

For the foregoing reasons, Jason E. Cousins respectfully requests this Court grant him a compassionate release as permitted by 18 U.S.C. § 3582(c)(1)(A). His specific circumstances demonstrate extraordinary and compelling circumstances to justify a reduction in his custodial sentence. He asks this Honorable Court to reduce his sentence to home confinement and/or reduce his sentence to time served and immediately place him on supervised release, with any other condition(s) deemed appropriate by this Honorable Court to be imposed throughout the remainder of his custodial term.

Respectfully submitted,

*s/ James M. Campbell*

JAMES M. CAMPBELL (0004733)
Attorney for Defendant, Jason E. Cousins
2717 Manchester Road
Akron, OH 44319
P: (330) 745-2422
F: (330) 745-2447